# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 2:01 CR 98** |
| | ) | |
| **BOBBY DAVIS** | ) | |

## OPINION AND ORDER

Defendant Bobby Davis has moved for a sentence reduction under 18 U.S.C.

§ 3582(c)(2), as a result of Amendment 750 to the United States Sentencing Guidelines.

(DE # 1291.) Defendant originally pleaded guilty to distributing crack cocaine in

violation of 21 U.S.C. § 841(a)(1). At sentencing, the court determined that defendant

was responsible for distributing in excess of 1.5 kilograms of crack. (Bobby Davis

Sentencing Tr. 59, Feb. 11, 2003). This corresponded to a base offense level of 38. (*Id.*)

Defendant was also given a two-level increase for possession of a dangerous weapon.

(*Id.* at 59-60.) Defendant's criminal history category was I. (Presentence Investigation

Report at 7.) A base offense level of 40 combined with a criminal history category of I

resulted in a guideline range of 292-365 months. (Bobby Davis Sentencing Tr. 61, Feb.

11, 2003.) The minimum of the guideline range (292) was higher than the statutory

maximum sentence (240), however, and defendant was given a sentence of 240 months

pursuant to section 5G1.1 of the United States Sentencing Guidelines. (DE # 1195.)

Defendant moved for a reduced sentence in 2009 after the United States

Sentencing Commission promulgated Amendment 706, which, generally speaking,

lowered the sentencing range for offenses involving crack by two levels. (DE # 1128.)

The government and defendant agreed that the amendment resulted in a new sentencing range of 235-293 months. (DE # 1195.) The court therefore reduced defendant's sentence to 235 months. (*Id.*)

Defendant has now moved for a sentence reduction under Amendment 750 to the United States Sentencing Guidelines. (DE # 1291.) Defendant argues that he is eligible for a reduction because he is only responsible for 1.5 kilograms of crack. (DE # 1291 at 6.) The government's position is that defendant was found responsible for in excess of 1.5 kilograms of crack, and that the relevant conduct portion of the PSR indicates that defendant is responsible for at least 3.675 kilograms of crack. (DE # 1307 at 1-2.) Thus, the government argues that defendant should be held responsible for 3.675 kilograms of crack, and his motion for a reduced sentence should be denied.[1] (*Id.*)

At his sentencing hearing, defendant challenged the drug quantity amount in the Presentence Investigation Report "(PSR)". (Original Addendum to the PSR at 1.) He argued he was only responsible for .81 grams of crack. (*Id.*) After hearing arguments on the issue, the court rejected defendant's argument and adopted the position of the government and the probation office as to quantity. (Bobby Davis Sentencing Tr. 58-59, Feb. 11, 2003). Thus, the court held defendant responsible for "more than 1.5 kilograms

---

[1] The most recent addendum to the Presentence Investigation Report does indicate that defendant is eligible for a reduction. (DE # 1294.) That conclusion, however, is based only on the court's previous quantity finding that defendant is responsible for distributing in excess of 1.5 kilograms of crack, and not the more specific factual finding the court makes later in this opinion.

of crack cocaine base."[2] (*Id.* at 59.) That quantity finding remains the only finding the court has made in defendant's case.

A review of the PSR and the original addendum to the PSR indicates that defendant is responsible for distributing 3.675 kilograms of crack. In response to defendant's objection to the PSR's quantity finding, the probation office stated, in part:

> The drug amount attributed to the defendant is based on controlled drug purchases from the defendant and his co-conspirators, as well as statements from Confidential Informants who observed Bobby Davis sell crack cocaine from the Concord area along with other members of the conspiracy. Based on statements made by these CI's, the defendant's attributable drug amounts exceeded 1.5 kilograms of crack. This amount includes the sale of crack cocaine that Bobby Davis sold, in addition to the reasonably foreseeable amount of drugs his co-conspirators sold during the time frames in which Davis was involved in the conspiracy.

(Original Addendum to the PSR at 2.)

More specifically, the relevant conduct section of the PSR outlines defendant's involvement in the conspiracy:

> CI#1 stated that during the period he/she was living in Concord, which was from approximately 3/6/00, until approximately 10/10/00, he/she observed Bobby Davis sell on an average, at least an "eight-ball" of crack cocaine every day (an "eight ball" is approximately 3.5 grams). Davis would take turns selling this crack cocaine with the other CCA gang members selling at that location. . . . CI#1 also stated that there would be a handful of guys taking turns selling crack, maybe five or six at a time. CI#1 would estimate that they would each sell approximately an "eight-ball" of crack per day, on average. Seven months at 3.5 grams per day is approximately 735 grams of crack cocaine. Given five people each selling 3.5 grams of crack during a seven

---

[2] Under the sentencing guidelines applicable at that time, any quantity of crack in excess of 1.5 kilograms corresponded to the maximum base offense level of 38. U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c) (2003).

month period is approximately 3,675 grams of crack cocaine, or 3.675 kilograms of crack.

(PSR at 5.) The relevant conduct section of the PSR also states that witnesses indicated that other members of the conspiracy "were obtaining kilogram quantities of cocaine and converting it into crack cocaine." (*Id.*)[3]

In ruling on a Section 3582(c)(2) motion, a court may not rely on new factual findings that are inconsistent with the original findings made at sentencing. *United States v. Nalls*, 358 F. App'x 735, 736-37 (7th Cir. 2010); *see also United States v. Woods*, 581 F.3d 531, 538 (7th Cir. 2009). However, "nothing prevents the court from making new findings that are supported by the record and not inconsistent with the findings made in the original sentencing determination." *United States v. Hall*, 600 F.3d 872, 876 (7th Cir. 2010); *see also United States v. Jackson*, 365 F. App'x 690, 691 (7th Cir. 2010) ("A district court can make new findings when addressing a motion to reduce a sentence when there is ample evidence on the record to support the new finding and that finding does not conflict with the district court's previous conclusion.").

As mentioned above, the only quantity finding that the court has made in this case is that defendant is responsible for distributing in excess of 1.5 kilograms of crack. Although it has never made a more specific quantity finding, the court chooses to do so

---

[3] Additionally, at defendant's sentencing hearing, the court recognized that defendant was "an active participant in this very large drug and gun conspiracy." (Bobby Davis Sentencing Tr. 58-59, Feb. 11, 2003.)

now. The court finds, by a preponderance of the evidence, that defendant is responsible for distributing 3.675 kilograms of crack.

This finding is not inconsistent with the factual finding at defendant's sentencing. Because the only quantity finding made at defendant's sentencing was that defendant was responsible for "more than 1.5 kilograms of crack cocaine base" (Bobby Davis Sentencing Tr. 59, Feb. 11, 2003), the new finding that defendant is responsible for 3.675 kilograms of crack is not inconsistent with the original finding made at sentencing.

Additionally, the finding that defendant is responsible for 3.675 kilograms of crack is not inconsistent with defendant's previous sentence reduction under Amendment 706. As noted above, both the government and defendant agreed that under Amendment 706, defendant's appropriate guideline range was 235-293 months, which corresponded to a total offense level of 38. (DE # 1195 at 1-2, 4). That total offense level consisted of a base offense level of 36 and a two-level enhancement for the weapons violation. After Amendment 706, the amount of crack required for a base offense level of 36 was at least 1.5 kilograms crack but less than 4.5 kilograms of crack. U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(2) (2009). Thus, the new factual finding that defendant is responsible for 3.675 kilograms of crack is not inconsistent with the range used to calculate the base offense level for defendant's sentence reduction under Amendment 706.

Under the current guidelines, the 3.675 kilograms of crack that defendant is responsible for results in a base offense level of 36, and a total offense level of 38 (including the two-level increase for the weapons violation). U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(2). A total offense level of 38 combined with a criminal history of I results in a guideline range of 235-293 months. Thus, defendant's applicable guideline range has not changed. His guideline range under Amendment 750 remains, as it was under Amendment 706, 235-293 months.

The court is authorized to reduce a sentence only when a defendant's sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The relevant policy statement here provides: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(2)(B). As explained above, defendant's guideline range is still 235-293 months. Because defendant's guideline range has not been lowered, he does not qualify for a reduction. *United States v. Taylor*, 627 F.3d 674, 676 (7th Cir. 2010). Defendant's motion for a reduced sentence (DE # 1291) is therefore **DENIED**.

**SO ORDERED.**

Date: May 31, 2012

s/James T. Moody

JUDGE JAMES T. MOODY

UNITED STATES DISTRICT COURT
