UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:01 CR 98 |
| | ) | |
| BOBBY DAVIS | ) | |

## OPINION AND ORDER

Defendant Bobby Davis moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), as a result of Amendment 750 to the United States Sentencing Guidelines. (DE # 1291.) The court denied that motion on May 31, 2012. (DE # 1314.) In that order, the court determined that defendant was responsible for 3.675 kilograms of crack and concluded:

> Under the current guidelines, the 3.675 kilograms of crack that defendant is responsible for results in a base offense level of 36, and a total offense level of 38 (including the two-level increase for the weapons violation). U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(2). A total offense level of 38 combined with a criminal history of I results in a guideline range of 235-293 months. Thus, defendant's applicable guideline range has not changed. His guideline range under Amendment 750 remains, as it was under Amendment 706, 235-293 months.

> The court is authorized to reduce a sentence only when a defendant's sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The relevant policy statement here provides: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(2)(B). As explained above, defendant's guideline range is still 235-293 months. Because defendant's guideline range has not been lowered, he does not qualify for a reduction. *United States v. Taylor*, 627 F.3d 674, 676 (7th Cir. 2010).

(*Id.* at 5.)

Defendant has now filed another motion under Section 3582(c)(2) and Amendment 750. (DE # 1331.) Additionally, the attorney that represented defendant for his initial Section 3582(c)(2) motion based on Amendment 750 has moved to withdraw. (DE # 1333.)

In his motion, defendant makes several arguments as to why he is eligible for a reduced sentence. (DE # 1333.) Defendant, however, has already filed a Section 3582(c)(2) motion based on Amendment 750, and "may not file a second one premised on the same amendment to the guidelines . . . ." *United States v. Taylor*, No. 12–1468, 2012 WL 4378565, at *1 (7th Cir. 2012); *United States v. Redd*, 630 F.3d 649, 650-51 (7th Cir. 2011). Therefore, defendant's motion for a reduced sentence is **DENIED** (DE # 1331), and defendant's counsel's motion to withdraw is **GRANTED** (DE # 1333.)

**SO ORDERED.**

Date: November 26, 2012

 s/ James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT